**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION**

| | |
|---|---|
| Gary Nichols and Patricia Nichols, | C.A. No. 7:25-cv-07821-DCC |
| Plaintiffs, | |
| v. | **ANSWER TO COMPLAINT**<br>**(Jury Trial Demanded)** |
| Irakli Darbaidze and Agad, LLC, | |
| Defendants. | |

Defendants Irakli Darbaidze and Agad, LLC (hereinafter "Defendants"), responding to the Complaint of the Plaintiffs, would respectfully state the following:

## FOR A FIRST DEFENSE

1. All allegations of the Complaint not specifically admitted are denied.

2. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 1, and therefore must deny the same.

3. Responding to Paragraph 2, Defendants admit that Defendant Darbaidze was operating a vehicle involved in an accident and that he is a citizen and resident of Pennsylvania, but deny the remaining allegations and demand proof thereof.

4. Paragraph 3 is admitted.

5. With regard to the allegations in Paragraph 4, it is admitted that Defendant Darbaidze was operating in the scope and course of his employment with Defendant Agad. The remainder of Paragraph 4 is denied.

6. With regard to the allegations in Paragraph 5, it is admitted that Defendant Darbaidze was operating in the scope and course of his employment with Defendant Agad. The remainder of Paragraph 5 is denied.

7. Defendants deny the allegations of Paragraph 6.

8. With regard to the allegations in Paragraph 7, it is admitted that this Court has personal jurisdiction over the parties.

9. With regard to the allegations in Paragraph 8, it is admitted that this Court has jurisdiction over the parties in the subject matter of this case based on the allegations but is without sufficient knowledge or information to form a belief as to the amount in controversy and therefore must deny the same.

10. Defendants deny the allegations contained in Paragraph 9 and demand proof thereof.

11. Defendants deny the allegations contained in Paragraph 10 and demand proof thereof.

12. Responding to Paragraph 11, Defendants admit that an accident occurred when the vehicle Defendant Darbaidze was operating rear-ended the vehicle operated by Gary Nichols but denies the remaining allegations and demand proof thereof.

13. Defendants deny the allegations contained in Paragraph 12.

14. Responding to Paragraph 13, Defendants restate and reallege their responses to the preceding paragraphs herein as if fully repeated verbatim.

15. With regard to the allegations in Paragraph 14, it is admitted that all drivers must operate their vehicles in a reasonable and safe manner. The remainder of Paragraph 14 is denied.

16. Defendants deny the allegations contained in Paragraph 15.

17. Defendants deny the allegations contained in Paragraph 16.

18. Paragraph 17 is a statement of law to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 17.

19. Paragraph 18 is a statement of law to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 18.

20. Defendants deny the allegations contained in Paragraph 19, including all subparts.

21. Defendants deny the allegations contained in Paragraph 20.

22. Defendants deny the allegations contained in Paragraph 21.

23. Responding to Paragraph 22, Defendants restate and reallege their responses to the preceding paragraphs herein as if fully repeated verbatim.

24. With regard to the allegations in Paragraph 23, including all subparts, it is admitted that all drivers must operate their vehicles in a reasonable and safe manner. The remainder of Paragraph 23, including subparts, is denied.

25. Defendants deny the allegations contained in Paragraph 24, including all subparts.

26. Defendants deny the allegations contained in Paragraph 25.

27. Defendants deny the allegations contained in Paragraph 26, including all subparts.

28. Defendants deny the allegations contained in Paragraph 27.

29. Defendants deny the allegations contained in Paragraph 28.

30. Plaintiffs' Complaint lacks Paragraphs numbered 29 and 30. To the extent a response is required to these missing paragraphs, Defendants deny all allegations of the missing paragraphs.

31. Responding to Paragraph 31, Defendants restate and reallege their responses to the preceding paragraphs herein as if fully repeated verbatim.

5599868.1

32. With regard to the allegations in Paragraph 32, it is admitted that Defendant Darbaidze was operating in the scope and course of his employment with Defendant Agad. The remainder of Paragraph 32 is denied.

33. Paragraph 33 is a statement of law to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 33.

34. Defendants deny the allegations contained in Paragraph 34.

35. Responding to Paragraph 35, Defendants restate and reallege their responses to the preceding paragraphs herein as if fully repeated verbatim.

36. Defendants deny the allegations contained in Paragraph 36, including all subparts.

37. Defendants deny the allegations contained in Paragraph 37.

38. Defendants deny the allegations contained in Paragraph 38.

39. Defendants deny Plaintiffs' Prayer for relief beginning with "WHEREFORE".

40. Defendants admit and join in the Demand for a jury trial.

**FOR A SECOND DEFENSE**
**(Comparative Negligence of Plaintiff as Bar)**

41. Defendants reiterate and reallege the above paragraphs as if set forth herein verbatim.

42. If discovery in this action reveals that Plaintiffs' negligence caused or contributed to their accident or injuries, then such are specifically pled in bar to any recovery by Plaintiffs or as a reduction of the amount of damages recoverable by Plaintiffs based on the jury's apportionment of fault. If Plaintiffs sustained any injury as alleged in the Complaint, and if discovery in this action reveals negligence on their part, then it is alleged that Plaintiffs' negligence solely was the cause of the injuries and/or that Plaintiffs' negligence combined and concurred with any alleged negligent acts or conduct on the part of other defendants and/or on the part of these

Defendants, the occurrence of which is specifically denied, to bring about the injuries as the proximate cause thereof.

## FOR A THIRD DEFENSE
**(Comparative Negligence of Plaintiff as Offset)**

43. Defendants reiterate and reallege the above paragraphs as if set forth herein verbatim.

44. In the alternative, in the event the negligence of the Defendants was a greater than 50% cause of the alleged incident and Plaintiff's injuries, which are denied, the Defendants are entitled to a reduction of any amount awarded to the Plaintiffs in an amount proportional to Plaintiffs' percentage of negligence.

## FOR A FOURTH DEFENSE
**(Unconstitutionality of Claim for Pain and Suffering under State Constitution)**

45. Defendants reiterate and reallege the above paragraphs as if set forth herein verbatim.

46. Any award of damages for pain and suffering against Defendants will violate the rights guaranteed by the Constitution of South Carolina for the following reasons:

   a. Any award of damages for pain and suffering violates the prohibition against excessive fines found in Article 1, § 15 of the Constitution of South Carolina because such awards do not bear a reasonable relationship to the compensatory damages.

   b. Any award of damages for pain and suffering violates the guarantee of due process found in Article 1, § 3 of the Constitution of South Carolina because of the lack of objective guidelines, rational factors, and defined limits on which a jury might base

its award, and further, that such guidelines, factors, or limits as due exist are arbitrary and void for vagueness.

## FOR AN FIFTH DEFENSE
### (Unconstitutionality of Claim for Pain and Suffering under Federal Constitution)

47. Defendants reiterate and reallege the above paragraphs as if set forth herein verbatim.

48. Any award of damages for pain and suffering against Defendants will violate the rights guaranteed to Defendants by the Constitution of the United States for the following reasons:

   a. Any award of damages for pain and suffering violates the prohibition against excessive fines found in the Eighth Amendment to the Constitution of the United States as applied to the states by way of the due process clause of the Fourteenth Amendment of the Constitution of the United States because such awards to not bear a reasonable relationship to the compensatory damages.

   b. Any award of damages for pain and suffering violates the guarantee of due process found in the Fourteenth Amendment of the Constitution of the United States because of the lack of objective guidelines, rational factors, and defined limits on which a jury might base its award and further that such guidelines, factors, or limits that do exist are arbitrary and void for vagueness.

## FOR A SIXTH DEFENSE
### (Unconstitutionality of Punitive Damages under State Constitution)

49. Defendants reiterate and reallege the above paragraphs as if set forth herein verbatim.

50. Any award of punitive damages against Defendants will violate rights guaranteed by the Constitution of the State of South Carolina for the following reasons:

    a.    Any award of punitive damages violates the prohibition against excessive fines found in Article I, § 15 of the Constitution of the State of South Carolina.

    b.    Any award of punitive damages violates the guarantee of due process found in Article I, §3, of the Constitution of the State of South Carolina because of the lack of objective guidelines upon which a jury might base its award; and, further, that such guidelines as do exist are arbitrary and void for vagueness.

    c.    Any award of punitive damages violates the guarantee of due process found in Article I, §3, of the Constitution of the State of South Carolina to the extent said punitive damages are disproportionate to the compensatory damages awarded, if any, and/or in excess of a single digit ratio.

**FOR AN SEVENTH DEFENSE**
**(Unconstitutionality of Punitive Damages under the Federal Constitution)**

51.    Defendants reiterate and reallege the above paragraphs as set forth herein verbatim.

52.    Any award of punitive damages against Defendants will violate rights guaranteed by the Constitution of the United States for the following reasons:

    a.    Any award of punitive damages violates the prohibition against excessive fines found in the Eighth Amendment to the Constitution of the United States as applied to the States by way of the due process clause of the Fourteenth Amendment to the Constitution of the United States.

    b.    Any award of punitive damages violates the guarantee of due process found in the Fourteenth Amendment to the Constitution of the United States because of

the lack of objective guidelines on which a jury might base its award; and, further, that such guidelines as do exist are arbitrary and void for vagueness.

c.     Any award of punitive damages violates the guarantee of due process found in the Fourteenth Amendment to the Constitution of the United States to the extent said punitive damages are disproportionate to the compensatory damages awarded, if any, and/or in excess of a single digit ratio.

## FOR AN EIGHTH DEFENSE
### (Cap on Punitive Damages)

53.    Defendants reiterate and reallege the above paragraphs as if set forth herein verbatim.

54.    Plaintiffs' claim for punitive damages against Defendants must be dismissed or judgment entered in Defendants' favor, inasmuch as there is no evidence that Defendants acted willfully, wantonly, recklessly, or grossly negligently. Alternatively, Plaintiffs must be limited and/or capped according to S.C. Code Ann. § 15-32-530.

## FOR A NINETH DEFENSE
### (Dismissal or Bifurcation of Punitive Damages Claim)

55.    Defendants reiterate and reallege the above paragraphs as if set forth herein verbatim.

56.    Plaintiffs' claim for punitive damages against Defendants must be dismissed or judgment entered in Defendants' favor, inasmuch as there is no evidence that Defendants acted willfully, wantonly, recklessly, or grossly negligently. Alternatively, this claim must be bifurcated and considered only in a second phase at the trial after Defendants' liability has been determined. S.C. Code Ann. § 15-32-520.

## FOR A TENTH DEFENSE
### (Lack of Proximate Cause)

57. The allegations contained in the preceding paragraphs are incorporated herein as if fully repeated verbatim.

58. All or a portion of Plaintiffs' damages they are claiming in this case were not proximately caused by the subject motor vehicle collision, and this defense of lack of proximate cause is pled as a complete and total defense to Plaintiffs' claims.

## FOR AN ELEVENTH DEFENSE
### (Failure to Mitigate)

59. If discovery in this action reveals that Plaintiffs failed to mitigate their damages, or that their damages were increased by any failure to follow the care, treatment, or instructions of any health care providers who administered any care, evaluation, or treatment to them, or who gave them instructions regarding such, then Defendants plead any such failure to mitigate their damages in full or partial bar of the claims of Plaintiffs.

## FOR A TWELFTH DEFENSE
### (Reliance on Other Defenses)

60. Defendants restate and reallege their responses to the preceding paragraphs herein as if fully repeated verbatim.

61. The Defendants hereby give notice that they intend to rely upon such other affirmative defenses as may become available or apparent during the course of discovery and thus reserve the right to amend their Answer to assert any such defenses.

## FOR A THIRTEENTH DEFENSE
### (Reservation of Rights)

62. The allegations contained in the preceding paragraphs are incorporated herein as if fully repeated verbatim.

5599868.1

63. Defendants have not had an opportunity to conduct a sufficient investigation or engage in adequate discovery about the allegations of this lawsuit. Defendants give notice of the intent to assert any further affirmative defenses that any investigation supports, including, but not limited to, defenses that the action is barred in whole or in part by any applicable statute, contract, release, covenant, or the doctrine of laches. Thus, Defendants reserve the right to amend this pleading to assert any such defenses.

WHEREFORE, having set forth the Answer to Plaintiffs' Complaint, Defendants Irakli Darbaidze and Agad, LLC, pray for the matter to be dismissed, for the costs of this action and for such other and further relief as this Court deems necessary, just and proper.

Respectfully submitted,

s/ J. Alexander Timmons
J. Alex Timmons (Fed Bar # 10862)
Robert D. Moseley, Jr. (Fed Bar # 5526)
Moseley Marcinak Law Group LLP
4324 Wade Hampton Blvd., Suite B
Taylors, SC 29687
PO Box 26148, Greenville, SC 29616
(864) 248-6025 (864) 248-6035 (Fax)
Alex.Timmons@momarlaw.com
Rob.Moseley@momarlaw.com
*Attorneys for Defendants Irakli Darbaidze and Agad, LLC*

Defendants demand a jury trial.

s/ J. Alexander Timmons
J. Alex Timmons (SC Bar # 77446)
Robert D. Moseley, Jr. (SC Bar #64084)

August 22, 2025