# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# SPARTANBURG DIVISION

| | |
|---|---|
| Gary Nichols and Patricia Nichols, ) | |
| ) | C.A. No.: 7:25-cv-07821-DCC |
| Plaintiff, ) | |
| ) | |
| v. ) | **LOCAL RULE 26.03 JOINT** |
| ) | **RESPONSES OF PARTIES** |
| Irakli Darbaidze and Agad, LLC, ) | |
| ) | |
| Defendants. ) | |
| ) | |

COMES NOW jointly the Parties, by and through their undersigned counsel, and provide the Local Civil Rule 26.03 responses:

(1)     A short statement of the facts of the case;

**RESPONSE: On April 17, 2025, an automobile accident occurred between a vehicle driven by Plaintiff Gary Nichols, in which his wife and Plaintiff Patricia Nichols was a passenger, and Defendant Darbaidze on or about SC-292 in Spartanburg County, South Carolina. Plaintiffs have alleged personal injury and punitive damages arising from the accident, alleging liability against Defendants for such claimed injuries and damages.**

(2)     The names of fact witnesses likely to be called by the party and a brief summary of their expected testimony;

**RESPONSE: The Parties anticipate the following fact witnesses will be called to testify in this matter:**

    a. **Gary Nichols**
       **c/o James Biggart, Esq.**
       **4401 Belle Oaks Dr., Suite 300**
       **North Charleston, SC 29405**

1

Mr. Nichols is a Plaintiff in this matter and is expected to testify regarding his personal knowledge of the facts and circumstances regarding the accident that is the subject of this litigation, as well as his alleged injuries and damages claimed by the Plaintiff.

b. Patricia Nichols
c/o James Biggart, Esq.
4401 Belle Oaks Dr., Suite 300
North Charleston, SC 29405

Ms. Nichols is a Plaintiff in this matter and is expected to testify regarding her personal knowledge of the facts and circumstances regarding the accident that is the subject of this litigation, as well as her alleged injuries and damages claimed by the Plaintiff.

c. Irakli Darbaidze
c/o Alex Timmons, Esq.
Moseley Marcinak Law Group LLP

Defendant Darbaidze is expected to testify regarding his recollection of the facts and circumstances surrounding the subject accident.

d. Todd Patterson
121 Johnson Lane
Roebuck, SC 29376

Mr. Patterson is expected to testify regarding his recollection of the events leading up to and surrounding the motor vehicle accident.

e. CPL C. Nicholls
South Carolina Highway Patrol
33 Villa Road, Suite 200
Greenville, SC 29615

Trooper Nicholls is expected to testify at to what he witnessed at the accident scene and any investigation of the accident.

f. Law enforcement officers and other first responders

Officers and responders are expected to have knowledge about their observations upon arriving on scene and their investigation.

g. Representatives or employees of Agad, LLC

>   **c/o Alex Timmons, Esq.**
>   **Moseley Marcinak Law Group LLP**
>
>   **One or more representatives of Defendant Agad, LLC may testify regarding the allegations of the complaint.**
>
>   **h.  Plaintiff's Medical Providers**

(3) The names and subject matter of expert witnesses (if no witnesses have been identified, the subject matter and field of expertise should be given as to experts likely to be offered);

**RESPONSE:** The Parties have not identified any expert(s) whom they propose to use as an expert(s) at the trial of the case as of this response, as the investigation and discovery are still ongoing. The Parties will supplement this response in accordance with the Conference and Scheduling Order. The Parties reserve the right to call any experts identified by the other Party. Experts are reasonably anticipated in the areas of accident reconstruction, medical expenses and medical conditions.

**PLAINTIFF'S RESPONSE:** Plaintiff anticipates calling some or all of Plaintiff's treating physicians to provide expert testimony regarding the nature and scope of Plaintiff's injuries, the causation of those injuries, and their recommendations for future care. Additionally, Plaintiff anticipates calling a retained expert in the field of Life Care Planning to provide expert testimony regarding plaintiff's future medical expenses.

(4) A summary of the claims and defenses with statutory and/or case citations supporting the same;

**RESPONSE:** Plaintiffs have alleged negligence, vicarious liability, negligent hiring, training, supervision and retention, combined and concurring negligence and resulting personal injury actual damages.

**PLAINTIFF'S RESPONSE:**

**Negligence *Per Se*:** "Negligence per se is established by showing a statute created a duty to the plaintiff and the defendant breached that duty by violating the statute." *Seals by Causey v. Winburn*, 314 S.C. 416, 445 S.E.2d 94 (Ct. App. 1994) (citing *Whitlaw v. Kroger Co.*, 306 S.C. 51, 410 S.E.2d 251 (1991)).

**Negligence:** "To recover on a claim for negligence, a plaintiff 'must show (1) a duty of care owed by the defendant to the plaintiff; (2) a breach of that duty by a negligent act or omission; and (3) damage proximately resulting from the breach.'" *Carolina Chloride, Inc. v. Richland Cnty.*, 394 S.C. 154, 714 S.E.2d 869 (2011) (citations omitted).

**Vicarious Liability/Respondeat Superior:** "The doctrine of respondeat superior provides that the employer, as the employee's master, is called to answer for the tortious acts of his servant, the employee, when those acts occur in the course and scope of the employee's employment." *James v. Kelly Trucking Co.*, 377 S.C. 628, 661 S.E.2d 329 (2008) (citing *Sams v. Arthur*, 135 S.C. 123, 133 S.E. 205 (1926)).

**Negligent Hiring, Training, Supervision, and Retention:** "In circumstances where an employer knew or should have known that its employment of a specific person created an undue risk of harm to the public, a plaintiff may claim that the employer was itself negligent in hiring, supervising, or training the employee, or that the employer acted negligently in entrusting its employee with a tool that created an unreasonable risk of harm to the public." *James v. Kelly Trucking Co.*, 377 S.C. 628, 661 S.E.2d 329 (2008) (citing *Degenhart v. Knights of Columbus*, 309 S.C. 114, 420 S.E.2d 495 (1992)).

**DEFENDANTS' RESPONSE:**

Defendants have set forth defenses of a general denial as to causation on damages. Defendants have also set forth a defense of comparative negligence if the discovery proves such a defense.

<u>**Prove Negligence and Lack of Proximate Cause:**</u> "To establish a cause of action for negligence, a plaintiff must prove the following three elements: (1) a duty of care owed by defendant to plaintiff; (2) breach of that duty by a negligent act or omission; and (3) damages proximately resulting from the breach of duty." *Fowler v. Hunter*, 388 S.C. 355, 361, 697 S.E.2d 531, 534 (2010). "A defendant is guilty of gross negligence if he is so indifferent to the consequences of his conduct as not to give slight care to what he is doing." *Jackson v. S.C. Dep't of Corrections*, 301 S.C. 125, 126-27, 390 S.E.2d 467, 468 (Ct. App. 1989). "Gross negligence involves a conscious failure to exercise due care." *Id.* Defendants deny Plaintiffs can meet their burden of proof on damages proximately resulting from such simple negligence.

Defendants have asserted affirmative defenses of, *inter alia*, comparative negligence by Plaintiff. "For all causes of action arising on or after July 1, 1991, a plaintiff in a negligence action may recover damages if his or her negligence is not greater than that of the defendant. The amount of the plaintiff's recovery shall be reduced in proportion to the amount of his or her negligence." *Nelson v. Concrete Supply Co.*, 303 S.C. 243, 245, 399 S.E.2d 783, 784 (1991).

Defendants have raised the defense that Plaintiffs have failed to mitigate their damages and that the accident was not the proximate cause of their damages. Plaintiffs have

a legal duty to exercise at least ordinary care in lessening the damages as reasonably practicable. *Harper v. Western Union Tel. Co.*, 133 S.C. 61, 130 S.E. 119 (1925).

As an alternative pleading, Plaintiff's claim for punitive damages must be limited and/or capped according to S.C. Code Ann. § 15-32-530.

**MEDIATION**

The parties have discussed the availability of mediation and have agreed to mediate this matter no later than 30 days after the discovery deadline.

Respectfully submitted,

|  |  |
|---|---|
|  | s/ Cooper Klaasmeyer |
|  | James G. Biggart II (Federal Bar # 14195) |
|  | Cooper Klaasmeyer (Federal Bar # 14272) |
|  | **MORGAN & MORGAN, P.A.** |
|  | 4401 Belle Oaks Drive, Suite 300 |
|  | North Charleston, South Carolina 29405 |
|  | Phone: (843) 973-5186 |
| December 1, 2025 | Fax: (843) 973-5208 |
|  | Biggartlitigation@forthepeople.com |
|  | *Attorneys for Plaintiffs* |

|  |  |
|---|---|
|  | s/ J. Alex Timmons |
|  | J. Alex Timmons, (10862) |
|  | Robert D. Moseley, Jr. (5526) |
|  | Moseley Marcinak Law Group LLP |
|  | PO Box 26148 |
|  | Greenville SC 29616 |
|  | (864) 248-6025 |
| December 1, 2025 | *Attorneys for Defendants* |

6

5706364.1